IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY MACK, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-826-X-BN |
| § | |
| ADAM MATTHEW SWARTZ, ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Mack filed a *pro se* complaint under 42 U.S.C. § 1983, which he then amended, against a Dallas County justice of the peace, a retired state judge, an attorney, and other individuals. *See* Dkt. Nos. 5 & 6. Mack also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Mack's IFP motion through a separate order, subjecting the complaint as amended to screening under 28 U.S.C. § 1915(e). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint as amended with prejudice.

**Legal Standards**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The

Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual

matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Initially, to the extent that Mack filed a complaint in federal court to challenge the rulings of a state court, and the state court litigation has concluded, such that no appeal was pending when Mack filed this case in federal court, the *Rooker-Feldman*

doctrine prevents the Court's jurisdiction "to modify or reverse" a state court proceeding. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

But, even if the *Rooker-Feldman* doctrine does not preclude jurisdiction over this lawsuit, Mack's lawsuit still should be dismissed to the extent that he brings claims under criminal statutes, *see, e.g.*, Dkt. No. 3 at 3, because "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, [so], as a private citizen, [Mack] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It

is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.… As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (collecting cases; citations omitted)).

Criminal statutes will therefore generally not create civil liability. *See, e.g.*, *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

And none of the federal criminal statutes invoked by Mack have been found to create civil liability. *See, e.g.*, *Mattes v. Carvajal*, No. 3:20-cv-1917-B-BN, 2020 WL 6586713, at *5 (N.D. Tex. Oct. 2, 2020) ("Sections 241 and 242 of Title 18 are titled Conspiracy Against Rights and Deprivation of Rights Under Color of Law, but '18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability.'" (quoting *Gill*, 153 F. App'x at 262 (citing, in turn, *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)))), *rec. accepted*, 2020 WL 6583021 (N.D. Tex. Nov. 10, 2020); *Chow v. United*

*States*, No. 20-30503, 2021 WL 3438365, at *2 (5th Cir. Aug. 5, 2021) (per curiam) ("18 U.S.C. §§ 2381 and 2382 do not provide a basis for civil liability.").

The claims against the two judicial officers defendants also fail, because Mack does not allege that either took actions outside a judicial capacity. *See, e.g.*, Dkt. No. 3 at 4. Accordingly, each judicial officer is entitled to immunity. And the claims against them should be dismissed with prejudice under Section 1915(e)(2)(B). *See, e.g.*, *Craaybeek v. Bristow*, No. 21-10564, 2022 WL 2113619, at *1 (5th Cir. June 13, 2022) (per curiam) (dismissing as frivolous appeal challenging district court's dismissal under Section 1915(e)(2)(B)(ii) of claims barred by judicial immunity).

Starting with any claim asserted in an individual capacity, "[a] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229,

230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

And, to the extent that the judges have been sued in an official capacity, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228 (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)).

Mack also appears to have sued an attorney and other individuals not alleged to be state officials under Section 1983. And it is not clear from the allegations whether this attorney represented Mack or opposed him.

Regardless, "[a] plaintiff makes out a § 1983 claim [only] if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant … have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

"Private individuals generally are not considered to act under color of law, but private action may be deemed state action when the defendant's conduct is fairly

attributable to the State." *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (cleaned up; quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), then *Priester v. Lowndes Cnty.*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting, in turn, *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999))).

And "[t]he law is clear that a private attorney who merely represents a client in a civil proceeding ... does not act under the color of state law." *Dolenz v. Akin*, No. 3:95-cv-1605-P, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997) (collecting cases), *aff'd*, 129 F.3d 612 (5th Cir. 1997) (per curiam); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

But one way a plaintiff may establish that conduct by private actors is fairly attributable to the State is by showing that the private party was "a 'willful participant in joint activity with the State or its agents.'" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). To do so, "the plaintiff must allege facts that suggest 'an agreement between the ... defendants to commit an illegal act' and 'an actual deprivation of constitutional rights.'" *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021) (quoting *Cinel*, 15 F.3d at 1343). Mack alleges no such facts here.

And, insofar as Mack has sued an attorney who represented an opposing party, even outside the context of Section 1983, such a claim could "implicate Texas's attorney immunity doctrine, a comprehensive affirmative defense protecting attorneys from liability to non-clients." *Ramirez v. Ferguson*, No. 3:23-cv-2618-X-BN,

2023 WL 9953441, at *2 (N.D. Tex. Dec. 1, 2023) (cleaned up; quoting *Elliott v. Tucker*, No. 4:22-cv-135-O-BP, 2022 WL 17722672, at *5 (N.D. Tex. Nov. 29, 2022) (quoting, in turn, *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015); *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019)), *rec. accepted*, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022), *appeal dismissed*, 2023 WL 4491758 (5th Cir. Mar. 1, 2023)), *rec. accepted*, 2024 WL 922770 (N.D. Tex. Mar. 4, 2024).

In sum, the Court should dismiss Mack's complaint as amended.

But the ability to file objections to this recommendation (as further explained below) allows Mack an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

**Recommendation**

Insofar as the Court possesses jurisdiction over Plaintiff Anthony Mack's claims, unless Mack satisfactorily shows through timely objections a basis to further amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim

on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE